EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAMÓN MORALES, acusado y apelante.

No. 4505.—*Sometido:* Junio 26, 1931. *Resuelto:* Julio 8, 1931.

*Víctor J. Vidal González,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Ramón Morales fué juzgado a virtud de una denuncia por infracción de la ley de automóviles, artículo 12, letra (*a*) de la misma. El hecho de que se le acusó aparece de la denuncia así:

"Que en 9 de noviembre de 1930, a las 1:30 p. m., y en la carretera No. 2, Km. 54-Hm. 7, Bo. Coto Sur, Manatí, P. R., del Distrito Judicial Municipal de Manatí, P. R., que forma parte del Distrito Judicial Municipal de Arecibo, P. R., el acusado Ramón Morales, el día nueve de noviembre de 1930, hora 1:30, p. m., en la carretera No. 2, km. 54, hm. 7, que es un camino público, allí y entonces, de una manera ilegal, voluntaria y maliciosamente, y en ocasión que dirigía los movimientos del automóvil No. 8140, propiedad de Virgilio Ramos Muñiz, no tomó las precauciones razonables para garantizar la seguridad de vidas y propiedades, porque al dar alcance, mientras manejaba dicho automóvil, a las personas de los niños Herminio Torres y José Torres, no les dió aviso con el aparato correspondiente tocando claxon, bocina, ni redujo la velocidad del automóvil conducido por él y por este descuido o negligencia arrolló a los citados

niños, causándole a José Torres, golpes de pronóstico reservado y a Herminio Torres, golpes de carácter leve.''

En la vista del caso en apelación, la Corte de Distrito de Arecibo declaró al acusado culpable y le impuso una multa de diez dollars. Y el acusado ha apelado de esa sentencia.

Se señala error en la apreciación de la prueba.

Se argumenta que de la prueba resulta que el automóvil de que se trata no era guiado por Ramón Morales, sino por la esposa de don Virgilio Ramos, que venía aprendiendo a conducir.

Hemos examinado la transcripción taquigráfica, y, a nuestro juicio, la corte estuvo acertada en la interpretación de la prueba.

Blas Alvarez, testigo de la acusación, dice que no presenció el hecho. El oyó sonar el claxon, y luego un golpe; después vió a los niños cerca, al pie (sic) del carro; y vió éste en la cuneta.

Las declaraciones de los dos niños víctimas del accidente, concuerdan en que el automóvil iba guiado por la esposa de don Virgilio Ramos, y que ella se turbó y les echó el coche encima, golpeándoles.

El testigo Felipe Medina dijo que Ramón Morales venía guiando el automóvil, que los niños estaban en la carretera jugando con un carrito, y luchando por montar en él; y que cuando llegó el automóvil les golpeó.

Liborio Torres, Policía Insular, no presenció el hecho.

Con esa prueba de El Pueblo, aun pudo el juez dudar acerca de quién guiaba el automóvil. Pero el acusado declaró, y en su testimonio dijo:

''P. ¿El 9 de noviembre le ocurrió algo?—Sí, señor; iba para Vega Baja y al llegar frente a Félix López iban esos niños con un carro y toqué claxon, y llevaban un regateo y queriéndose quitar el carro, y les toqué claxon, y al pasar el chiquito quería halar el carro y el grande se lo haló, porque era más fuerte, y se vino sobre el tapalodo del carro, y paré el carro y se fué a la cuneta.—P. ¿Llevó a los niños al hospital?—Sí, señor.''

Quizá la más poderosa de las armas de defensa de un acusado, es su derecho a abstenerse de declarar: si la renuncia, su testimonio es, en el mejor de los casos, como el de otro cualquier testigo; y el juez o jurado tiene entonces el derecho de conectarlo o compararlo con el resto de la prueba y deducir las consecuencias que le sugieran su experiencia y la lógica.

No hubo error en la apreciación de la prueba.

*La sentencia apelada debe ser confirmada.*